# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

IN RE: JOSE JUAN TRUJILLO,

                            Debtor.
_____

JOSE JUAN TRUJILLO,

                          Appellant,         Case No. 5:10-cv-646-Oc-32
vs.                                      Bankruptcy Case No. 6:10-bk-02615-ABB

BAC HOME LOAN SERVICING L.P.,

                          Appellee.
_____/

IN RE: GREG F. COLBOURNE,

                            Debtor.
_____

GREG F. COLBOURNE,

                          Appellant,         Case No. 6:10-cv-1813-Orl-32
vs.                                        Bankruptcy Case No. 6:10-bk-00983-ABB

OCWEN,

                          Appellee.
_____/

IN RE: DANIEL J. VEGA,

                            Debtor.
_____

DANIEL J. VEGA,

                          Appellant,         Case No. 6:11-cv-384-Orl-32
vs.                                      Bankruptcy Case No. 6:10-bk-11229-ABB

TRUSTEE LAURIE K. WEATHERFORD,

                          Appellee.
_____/

## ORDER

The debtor/appellants in these consolidated bankruptcy appeals contend that the bankruptcy court erred when it ruled that their motions to cram down claims of mortgage creditors should be denied because the debtors were not eligible for a Chapter 13 discharge (due to the recency of their Chapter 7 cases) and therefore could not permanently modify the mortgage creditors' claims.

The appeals are fully briefed and the Court heard oral argument on August 6, 2012, the record of which is incorporated by reference. This Court is sitting in an appellate capacity pursuant to 28 U.S.C. § 158(a). It therefore must review the bankruptcy court's legal conclusions de novo and must accept the bankruptcy court's factual findings unless they are clearly erroneous. See, e.g., In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009). In these appeals, there are no material factual disputes; the issue is the bankruptcy court's application of the law to the undisputed facts.

As fully discussed at the oral argument, there is a split of authority among bankruptcy courts, even within the Middle District of Florida, as to whether and in what circumstances to permit a so-called "Chapter 20" debtor to cram down a claim. In most cases, the issue arises in the context of an unsecured homestead lien. These cases are a little different in that the claims are partially secured first mortgages on investment properties. Judge Briskman ruled that the debtors could not cram down the claims because of their ineligibility to receive a Chapter 13 discharge. Upon review, and limited to the precise facts of these cases, the Court finds no legal error in that decision. The bankruptcy court's decision in each of these cases is therefore **AFFIRMED**. The Clerk shall close these files.

2

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of August, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Arthur B. Briskman
United States Bankruptcy Judge

counsel of record